In the Matter of the Judicial Settlement of the Accounts of GERTRUDE M. MOORE, as Executrix, etc., of HOWARD D. BONESTEEL, Deceased. GERTRUDE M. MOORE, as Executrix, etc., Appellant; THE SAMARITAN HOSPITAL and THE TROY ORPHAN ASYLUM, THE TROY HOSPITAL ASSOCIATION, YOUNG WOMEN'S CHRISTIAN ASSOCIATION, YOUNG MEN'S CHRISTIAN ASSOCIATION, THE CHILDS HOSPITAL, SECOND PRESBYTERIAN CONGREGATION, ALBANY HOSPITAL FOR INCURABLES, Respondents, and TROY TIMES FRESH AIR FUND.— This is an appeal by the executrix from so much of the surrogate's decree of Rensselaer county as approves and confirms the report of the referee and surcharges the accounts of the executrix with $9,000, and disallows the items and credits in said account for counsel fees in the sum of $9,000. The executrix, who was also a beneficiary under the will and has the life use of certain property, paid the attorney in the case $25,000. Upon an intermediate accounting objections were filed by eight charitable institutions to the items of the account covering fees of the attorney. The matter was referred to a referee and a trial was had, evidence was presented, which showed that the attorney was of the highest standing at the bar, that he had performed extensive services among which was the probate of a duplicate will, the original of which could not be found, the leasing of a building for a term of years, a proceeding for construction of the will and other questions that required learning, judgment and ability to handle. The referee in this case had been a surrogate of Albany county from 1906 to 1918. It was proper for him to apply his experience and knowledge to the task in hand. In addition to that he says: " No better method to reach reasonable value of services in an estate which has been administered normally and without controversy or conflict suggests

itself, than to examine the records in Surrogates' Courts of this State." "An examination of such records in this and neighboring counties, I have made." Thus the referee based his decision to some extent upon the examination of records in surrogates' offices which he made not at the request of any of the parties but upon his own volition. No opportunity was thus given for direct or cross-examination in reference to the information received from such investigation. Such proceeding is not approved. The parties had a right to examine and cross-examine in relation to the evidence which was to be used as a basis of decision. The referee may have acted from the best of motives but his action has raised a question which, without further investigation by this court, would seem to make it unwise to pass upon this appeal. Pursuant to the provisions of section 309 of the Surrogate's Court Act, and in the interests of justice, this matter is referred to Hon. Aaron V. S. Cochrane, as official referee, to examine and consider *de novo* the evidence contained in the record on appeal, to receive any further testimony or documentary evidence on the issues herein which the parties may desire to offer, to hear counsel who may desire to be heard on behalf of any of the parties concerned in this proceeding and to report his conclusions and recommendations to this court. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.